H. B. SNIVELY and Virginia C. Snively,
Appellants,

v.

Laurie W. TOMLINSON, District Director of Internal Revenue, District of Florida, Appellee.

No. 19174.

United States Court of Appeals
Fifth Circuit.

May 17, 1962.

William R. Frazier, Jacksonville, Fla., Hill & Frazier, James P. Hill, Jacksonville, Fla., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Miami, Fla., Earl J. Gilbert, Meyer Rothwacks, Joseph M. Howard, William F. Friedlander, Attys., Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Edith House, Asst. U. S. Atty., for appellee.

Before RIVES, JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The taxpayer, H. B. Snively, purchased all of the stock of a corporation which owned and operated a citrus grove. Thereafter he liquidated the corporation and the grove was transferred to the taxpayer. Upon the completion of liquidation the taxpayer conveyed the grove property to his son. It was held that the proceeds received by the taxpayer from the sale of fruit from the grove prior to liquidation were income to the corporation for the purpose of income and excess profits taxes. Transferee liability of the taxpayer was asserted by the Commissioner and his determination was upheld by the Tax Court. Snively v. Commissioner, 19 T.C. 850. This Court affirmed. Snively v. Commissioner, 5th Cir. 1955, 219 F.2d 266. The liability so determined was discharged by the taxpayer's payment of the tax and interest in 1954. In his return for that year the taxpayer claimed a deduction for the amount paid by him.

The Commissioner allowed the deduction to the extent of the interest but disallowed as to the amount of the tax. The resulting deficiency was paid by the taxpayer, a claim for refund was filed, and thereafter suit was brought for the recovery of an alleged over-payment. The district court regarded W. D. Haden Co. v. Commissioner, 5th Cir. 1948, 165 F.2d 588, as controlling and entered an order dismissing the action on the ground that the complaint did not state a claim upon which relief could be granted. On appeal the taxpayer's single specification of error is that the district court erroneously determined that the payment of the tax deficiency of the corporation constituted a capital expenditure rather than an ordinary loss in a transaction entered into for profit.

The taxpayer would distinguish the Haden case upon the ground, among others, that in Haden there was a tax-free exchange and merger while here there was a corporate liquidation and distribution pursuant thereto. There is no difference, we think, between the tax incident here, in a tax-free liquidation, and in Haden, where there was a tax-free exchange and merger. The district court held that the tax was not deductible as a business expense because it accrued from fruit sold from the groves. We agree. The tax was a liability of the corporation and the moneys paid in discharging that liability were part of the consideration for the property and required to be capitalized.

The final contention is that the payment should be allowed as an ordinary loss in a transaction entered into for profit under 26 U.S.C.A. (I.R.C.1939) § 23(e) (2), 26 U.S.C.A. (I.R.C.1954) § 165(c). To dispose of this contention it seems that no more need be said than that the property was not acquired in a transaction entered into for profit. The taxpayer acquired the grove with the intention of making a gift of it to his son and this he did soon after getting title to it.

We find no error in the district court's decision. Its judgment is

Affirmed.